PEOPLE v. HOERLE.

1. HOMICIDE—MURDER LANGUISHING.
   A charge of "murder languishing" is a charge of murder in the first degree (CL 1948, § 750.316).

2. CRIMINAL LAW—GENERAL FELONY.
   The law knows nothing of a general felony.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 26 Am Jur, Homicide §§ 10, 12.
[2] 21 Am Jur 2d, Criminal Law § 19.
[3–6] 31 Am Jur, Juvenile Courts and Delinquent, Dependent and Neglected Children § 32 et seq.
[7–10] 21 Am Jur 2d, Criminal Law §§ 484–496.

3. SAME—FELONY—CHILD OVER 15 YEARS OF AGE—WAIVER OF JU-
RISDICTION.

> The statute permitting probate court to waive jurisdiction over a
> child more than 15 years of age accused of a felony requires the
> probate court to determine from examination and investigation
> that the accusation specified an act, the nature of which con-
> stitutes a specific or particular felony, and then, in his dis-
> cretion, permits the probate court to waive jurisdiction (CL
> 1948, § 712A.4).

4. SAME—CHILD OVER AGE OF 15 YEARS—WAIVER OF JURISDICTION.

> It is lawful for a court of general criminal jurisdiction to try
> a child over 15 years of age accused of a felony *only* after
> the probate court has determined from examination and in-
> vestigation that the accusation specified an act, the nature
> of which constitutes a specific or particular felony, and
> then waives jurisdiction, and the child may be tried by said
> court *only* for the offense determined by the probate court
> (CL 1948, § 712A.4).

5. SAME—WAIVER OF JURISDICTION—INTENTIONAL ACT.

> A waiver is an intentional act and a waiver of jurisdiction to
> permit prosecution for one offense is not a waiver to permit
> prosecution for a greater one.

6. SAME—WAIVER OF JURISDICTION—MURDER—CHILD OVER AGE OF
15 YEARS.

> Waiver of jurisdiction by probate court over a child more than 15
> years of age for prosecution for second-degree murder is not
> a waiver for prosecution for first-degree murder, and it was
> reversible error to charge and try defendant for first-degree
> murder, where waiver was limited to second-degree murder (CL
> 1948, §§ 750.316, 750.317).

7. SAME—PLEA OF GUILTY—EFFECT OF PLEA.

> The effect of a plea of guilty is to authorize the imposition of
> the sentence prescribed by law upon a verdict of guilty of the
> crime sufficiently charged in the indictment or information.

8. SAME — PLEA OF GUILTY — VOLUNTARY — KNOWLEDGE OF CONSE-
QUENCES.

> The plea of guilty in a criminal prosecution should be entirely
> voluntary by one competent to know the consequences, and
> should not be induced by fear, misapprehension, persuasion,
> promises, inadvertence, or ignorance.

9. SAME—PLEA OF GUILTY—INVOLUNTARY.

   Plea of guilty to charge of second-degree murder by child over
   age of 15 years after he had been improperly charged and
   held for trial on first-degree murder charge *held*, involuntary,
   since it cannot be said that the plea was free of misapprehen-
   sion and fear of an improper conviction of the charge of first-
   degree murder (CL 1948, §§ 750.316, 750.317).

10. SAME—INVOLUNTARY PLEA OF GUILTY—NEW TRIAL—WITHDRAW-
    AL OF PLEA.

    A conviction on a plea of guilty, involuntarily rendered, presents
    grounds for a new trial upon application for withdrawal of the
    plea by defendant.

Appeal from Recorder's Court; Scallen (John P.),
J. Submitted Division 1 March 8, 1966, at Detroit.
(Docket No. 611.) Decided July 12, 1966. Rehear-
ing denied August 24, 1966. Leave to appeal denied
by Supreme Court October 21, 1966. See 378 Mich
736.

Rodney Hoerle was convicted of second-degree
murder after a plea of guilty. Delayed motion to
withdraw plea was denied. Defendant appeals.
Reversed and remanded for new trial.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Samuel H. Olsen,*
Prosecuting Attorney, *Samuel J. Torina,* Chief Ap-
pellate Lawyer, and *Rheo C. Marchand,* Assistant
Prosecuting Attorney, for the people.

*Philip A. Gillis* and *Charles Burke,* for defendant.

T. G. KAVANAGH, J. Although the late Judge
WATTS heard oral arguments on the above matter,
he took no part in the decision in this case.

On December 5, 1958, the defendant struck Wil-
liam McEvoy several times with a sledgehammer,
and as a result of these blows McEvoy died on
December 10th. The defendant was arrested on
December 5th and taken to the police station and

the prosecutor's office where he made a formal statement.

On December 30, 1958, the prosecutor filed a petition in the juvenile division of the Wayne county probate court alleging that the defendant was within the provisions of CL 1948 and CLS 1961 § 712A.1 *et seq.,* as amended (Stat Ann 1962 Rev § 27.3178 [598.1] *et seq.*) and that on the 5th day of December did violate a law of the State by killing William McEvoy in the city of Detroit, thereby committing the crime of murder.

This petition was brought on for hearing on February 3, 1959, and a notation on the complaint dated that day recites: "Petition amended in court to change charge to be murder in the second degree, and petition to read murder in the second degree."

The petition concludes: "I therefore, pray that the said facts and circumstances be investigated and that such disposition be made of said matter as the court may direct."

On the same day the court entered its order which recited that the petition had been filed alleging that the defendant did commit murder in the second degree; that he is over the age of 15 years having attained that age on May 24, 1958, and is accused of an act the nature of which constitutes a felony, and ordered "that the jurisdiction of the juvenile division of the probate court in and for the county of Wayne, Michigan in this matter be and is hereby waived to the recorder's court for the city of Detroit."

On the next day, February 4, 1959, the defendant was arraigned in recorder's court on a charge of "murder languishing" which is murder in the first degree.[1] He stood mute and examination was set and later waived by his appointed counsel. On

---

[1] CL 1948, § 750.316 (Stat Ann 1954 Rev § 28.548).—Reporter.

July 28, 1959, he was permitted to plead guilty to second degree murder[2] and on August 14, 1959, was sentenced to life imprisonment.

On December 24, 1963, a motion to withdraw the plea of guilty was filed and a hearing had thereon. The motion was denied and on leave granted, this appeal was taken.

It is claimed as error that the prosecutor's petition for a waiver was granted by the juvenile court only for the purpose of trial on the charge of murder in the second degree, and hence the charge of murder in the first degree on which the defendant was tried, exceeded the court's jurisdiction.

The prosecutor claims that the juvenile court can either waive or not waive jurisdiction, and if he waives it may not be conditioned or limited.

The appellant claims that the juvenile court can and did limit and condition his waiver for the prosecution only of the offense in the nature of the particular felony his examination and investigation indicates.

The appellant here also claims that where a waiver is obtained under circumstances indicating it was obtained with the understanding that the prosecution would be for a particular felony, it has no effect—indeed it is not a waiver at all—for some other purpose.

"In any case where a child over the age of 15 years is accused of any act the nature of which constitutes a felony, the judge of probate * * * may, after investigation and examination * * * waive jurisdiction; whereupon it shall be lawful to try such child in the court having general criminal jurisdiction of such offense." CL 1948 § 712A.4 (Stat Ann 1962 Rev § 27.3178 [598.4]).

---

[2] CL 1948, § 750.317 (Stat Ann 1954 Rev § 28.549).—REPORTER.

This would seem to require the juvenile judge to determine from examination and investigation that the *accusation* specified an act, the nature of which constitutes *a felony* (this would have to be a specific or particular felony—the law knows nothing of a general felony)—and then to waive jurisdiction.

It is only when that is done that it is lawful to try that child in a court having general criminal jurisdiction of *that* offense.

A waiver is an intentional act. *Book Furniture Company* v. *Chance* (1958), 352 Mich 521. A waiver to permit prosecution for one offense is not a waiver to permit prosecution for a greater one. Here there was no waiver to try the defendant on first-degree murder. There was a waiver to try him on second-degree murder. This was not done.

Our determination that it was improper to charge and try defendant on first-degree murder raises the additional question of whether defendant's plea of guilty to second-degree murder was voluntarily rendered.

*People* v. *Merhige* (1920), 212 Mich 601, 612, quoting from *Pope* v. *State,* 56 Fla 81, 84 (47 So 487, 16 Ann Cas 972) stated:

"In a criminal prosecution a defendant has a right to plead guilty; and the effect of such a plea is to authorize the imposition of the sentence prescribed by law upon a verdict of guilty of the crime sufficiently charged in the indictment or information.

"The plea should be entirely voluntary by one competent to know the consequences, and should not be induced by *fear, misapprehension, persuasion, promises, inadvertence,* or *ignorance.*" (Emphasis provided.)

In the instant case, defendant pleaded guilty to second-degree murder only after he had been improperly charged and held for trial on first-degree

murder. The first-degree murder charge was totally improper in view of the juvenile court's waiver of jurisdiction only to try defendant for second-degree murder. It cannot be said that defendant's plea of guilty to second-degree murder was free of misapprehension and fear of an improper conviction on the charge of first-degree murder. Such fear and misapprehension is sufficient to render the plea of guilty to second-degree murder involuntary.

It is well settled in this State that a conviction on a plea of guilty, involuntarily rendered, presents grounds for a new trial upon application for withdrawal of the plea by defendant. *People* v. *Coates* (1953), 337 Mich 56; *In re Valle* (1961), 364 Mich 471.

For the reasons stated herein, we hold that the plea of guilty to second-degree murder and the conviction thereon be set aside for a new trial on a charge of second-degree murder. In view of this decision it is not necessary to consider other allegations of error.

Reversed.

Lesinski, C. J., concurred.