Clifford Bernard TATUM aka Clifton Bernard Tatum, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 51659–51663.

Court of Criminal Appeals of Texas.

March 10, 1976.

Rehearing Denied April 14, 1976.

Delmar L. Cain and Edsam M. Ingram, Court appointed, Austin, for appellant.

Robert O. Smith, Dist. Atty., and Stephen H. Capelle, Asst. Dist. Atty., Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

These are appeals from convictions for the following offenses:

Cause Number 51,659—attempted aggravated rape

Cause Number 51,660—aggravated rape

Cause Number 51,661—aggravated sexual abuse

Cause Number 51,662—aggravated rape

Cause Number 51,663—aggravated robbery

The punishment assessed by the court, after the appellant entered pleas of guilty before the court to each offense, is imprisonment for 16 years; the sentences are to be served concurrently.

The appellant was fifteen years old when each of the offenses was committed. On July 19, 1974, under the provisions of V.T. C.A. Family Code, Sec. 54.02, the judge of the 98th Judicial District Court of Travis County, sitting as a juvenile judge, waived jurisdiction, certified, and transferred the appellant for appropriate criminal proceedings to the 147th Judicial District Court of Travis County.

On September 3, 1974, pursuant to the provisions of V.T.C.A. Family Code, Sec. 54.02(h), an examining trial was held in the 167th Judicial District Court of Travis County. At the conclusion of the examining trial the court found probable cause to bind the appellant over for grand jury action. On September 24, 1974, a grand jury returned the indictments charging the appellant with the commission of the offenses for which he was convicted.

On October 3, 1974, the appellant appeared in the 167th Judicial District Court of Travis County, accompanied by his two court-appointed attorneys, waived a jury trial, and entered pleas of guilty before the court to each indictment. The record reflects that the appellant was duly admonished of the consequences of his pleas in accordance with Article 26.13, V.A.C.C.P., and made judicial confessions admitting his guilt of each offense.

■ Appellant's first contention is that the order of the juvenile court transferring jurisdiction to the district court is void because it does not apprise him of the specific crimes for which he might be charged in district court. It would appear that the proper forum for testing the juvenile court's order was the Court of Civil Appeals pursuant to V.T.C.A. Family Code, Secs. 56.01 and 56.02, and the applicable Rules of Civil Procedure. Nevertheless, we have reviewed this contention and find nothing in V.T.C.A. Family Code, Sec. 54.02, which required the juvenile court's transfer order to apprise appellant of the specific crimes for which he might be charged. Moreover, it would have been difficult for the juvenile court to predict the crimes for which the grand jury would indict appellant or that the grand jury would indict him at all.

The remaining contention is that an examining trial was not held in the 147th Judicial District Court, the court into which the appellant's cases were transferred from the juvenile court. V.T.C.A. Family Code, Sec. 54.02(h), provides:

"(h) If the juvenile court waives jurisdiction, it shall state specifically in the order its reasons for waiver and certify its action, including the written order and findings of the court, and transfer the child to the appropriate court for criminal proceedings. On transfer of the child for criminal proceedings, he shall be dealt with as an adult and in accordance with the Texas Code of Criminal Procedure, 1965. The transfer of custody is an arrest. The examining trial shall be conducted by the court to which the case was transferred, which may remand the child to the jurisdiction of the juvenile court."

■ The examining trial was held in the 167th Judicial District Court where the cases could properly have been transferred. See Article 199, Sec. 167(G), V.A.C.S.; cf. *Hall v. State*, 485 S.W.2d 563 (Tex.Cr.App. 1972). Although we have not found in the record an order transferring the cases before indictment from the 147th Judicial District Court to the 167th Judicial District Court, the absence of such a transfer order may not be attacked for the first time on appeal. See *Duran v. State*, 505 S.W.2d 863 (Tex.Cr.App.1974); *Torres v. State*, 161 Tex.Cr.R. 480, 278 S.W.2d 853 (1955); *Eggleston v. State*, 422 S.W.2d 460 (Tex.Cr. App.1967). The failure to hold an examining trial in the 147th Judicial District Court where the cases were originally transferred from the juvenile court was not error and does not render the convictions void as it is asserted by the appellant.

■ We have here, as we did in *Duckett v. State*, 454 S.W.2d 755 (Tex.Cr.App. 1970), a question of jeopardy not raised in

the appellate briefs that involves both a violation of the state and the federal constitution; it requires our review in the interest of justice. See Article 40.09, Sec. 13, V.A.C.C.P. In Cause Numbers 51,661, 51,662, and 51,663, the appellant was charged with the offenses of aggravated sexual abuse, aggravated rape and aggravated robbery. The record shows that these three offenses were committed against the same complainant in the same transaction; under our holdings in *Duckett v. State*, supra; *Price v. State*, 475 S.W.2d 742 (Tex.Cr.App. 1972); *Ex parte Scelles*, 511 S.W.2d 300 (Tex.Cr.App.1974); *Ex parte Calderon*, 508 S.W.2d 360 (Tex.Cr.App.1974); *Ellis v. State*, 502 S.W.2d 146 (Tex.Cr.App.1973), the state may carve only one of these offenses from this transaction. A conviction for all three offenses constitutes a violation of the double jeopardy clauses of both the state and federal constitution. As in *Ex parte Calderon*, supra, two of the three judgments of conviction must be reversed. The indictment in Cause Number 51,663 also contains two other counts of aggravated robbery; the victims of the aggravated robberies alleged in these counts are the same victims of the offenses alleged in Cause Numbers 51,659 and 51,660. The record shows that these alleged aggravated robbery offenses were committed in the same transactions alleged in Cause Numbers 51,659 and 51,660, therefore neither of these additional counts for aggravated robbery may be used to sustain the conviction in Cause Number 51,663. Applying the same rule as applied in *Ex parte Calderon*, supra, we reverse the judgments of conviction in Cause Numbers 51,662 and 51,663.

We also note that in applying the indeterminate sentence law, Article 42.09, V.A.C.C.P., the trial court ordered the appellant confined in Cause Number 51,659 for not less than 5 years nor more than 16 years. The minimum punishment for attempted aggravated rape is 2 years, it being a second degree felony. See V.T.C.A. Penal Code, Secs. 21.03(b), 15.01(c), 12.33. Accordingly, the sentence is reformed to order appellant confined for not less than 2 years nor more than 16 years.

In Cause Number 51,659, the sentence is reformed and, as reformed, the judgment is affirmed. In Cause Numbers 51,660 and 51,661, the judgments are affirmed. In Cause Numbers 51,662 and 51,663, the judgments are reversed and the prosecutions are ordered dismissed.

Opinion approved by the Court.