THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DARNELL HAMILTON, Defendant-Appellant.

First District (4th Division)   No. 78-257

Opinion filed November 15, 1979.—Rehearing denied December 19, 1979.

James J. Doherty, Public Defender, of Chicago (John Thomas Moran, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr and Rimas F. Cernius, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

Following a bench trial in the circuit court of Cook County, the defendant, Darnell Hamilton, was found guilty of attempt robbery and attempt rape and sentenced to a term of three to nine years. On appeal, the defendant argues: (1) the juvenile court judge was without jurisdiction to reconsider his earlier denial of the State's motion to permit criminal prosecution made pursuant to section 2—7 of the Juvenile Court Act (Ill. Rev. Stat. 1975, ch. 37, par. 702—7; hereinafter 702 motion); (2) since the 702 motion had been granted on a petition charging attempt rape the preliminary hearing court was without power to allow the State to substitute a charge of rape; and (3) the statutory speedy-trial period had run and, therefore, the criminal court erred in denying his motion for discharge.

On July 13, 1976, the defendant was arrested for allegedly raping and attempting to rob the complainant, an 89-year-old woman, at her home in the city of Chicago. At the time of the occurrence the defendant was 16 years old. On August 18, 1976, there was a probable cause hearing and a hearing on the State's 702 motion before Judge White of the juvenile court. The judge found probable cause on the attempt robbery count. However, the court allowed the State to amend the rape count to attempt rape and found probable cause on the latter because the State had not presented evidence of penetration. The court then heard testimony and made findings of probable cause on an unrelated petition charging the defendant with attempt robbery, battery, and attempt rape. After hearing argument from both counsel and reading the reports of the probation officer and court psychiatrist, the court denied the motion to permit criminal prosecution. The defendant was ordered held in custody and the matter was scheduled for a pretrial proceeding on August 19, 1976.

On August 19, 1976, the defendant was released by Judge McGury of the juvenile court and the adjudicatory hearing was set for September 22, 1976. The defendant was arrested again on August 27, 1976, and charged in juvenile petitions with attempt rape and deviate sexual assault in one case and with robbery in another. On August 30, 1976, the State presented a motion to permit criminal prosecution on these new cases. Judge Walsh of the juvenile court made findings of probable cause and granted the State's 702 motions on the two new cases.

On September 17, 1976, the State filed a motion for rehearing asking Judge White to reconsider his earlier denial of the original motion to permit criminal prosecution. The motion for rehearing was presented and

granted on September 21, 1976, and the rehearing was set for the next day. At the September 22 hearing, the State asked the court to take judicial notice of the proceedings occurring after the first 702 motion was denied. The court heard argument from both counsel, read the probation officer's supplemental report, and granted the State's motion to permit criminal prosecution.

The case was then transferred to the criminal court and on September 28, 1976, the defendant appeared for a preliminary hearing. Prior to the preliminary hearing the People sought to substitute a rape complaint for the attempt rape complaint. The State was granted leave to file the rape complaint over defendant's objections. The People were granted leave to strike the attempt rape charge with leave to reinstate and defense counsel demanded trial on the attempt rape charge. At the preliminary hearing the complainant identified the defendant and testified in part that he had entered her vagina with his penis and that he had hit her. The court entered a finding of probable cause on the rape charge. Thereafter the defendant was charged in a two-count indictment with rape and attempt robbery.

The defendant pleaded not guilty and waived a jury. The trial commenced on May 17, 1977. At the conclusion of the evidence the court found that penetration had not been proved beyond a reasonable doubt but found defendant guilty of the lesser included offense of attempt rape and of armed robbery.

The defendant first contends that the juvenile court was without jurisdiction to reconsider its earlier denial of the State's 702 motion because the motion was filed, but was not presented or ruled upon, within 30 days of the entry of the original order. In support of his contention that a 30-day period applies, the defendant cites *People v. Heil* (1978), 71 Ill. 2d 458, 376 N.E.2d 1002. The defendant in *Heil* argued that the trial court had no power to reconsider its order granting his petition for discharge even though the State's motion for reconsideration was filed, presented and ruled upon within 30 days of the entry of the order. The court rejected this contention and held:

> "The relevant statutes, and the rules promulgated by this court, demonstrate the intent that in criminal as well as civil matters the circuit court be given the opportunity to reconsider final appealable judgments and orders within 30 days of their entry."
> *People v. Heil* (1978), 71 Ill. 2d 458, 461, 376 N.E.2d 1002, 1003.

In finding that the circuit court has the power to reconsider orders within 30 days of their entry, the *Heil* court relied upon an analysis of various statutes and rules of the court. The court referred to the provisions of the criminal code governing the court's jurisdiction to reduce or modify a sentence (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—1(d))

motions for new trials (Ill. Rev. Stat. 1975, ch. 38, par. 116—1) and motions in arrest of judgment (Ill. Rev. Stat. 1975, ch. 38, par. 116—2) and to supreme court rules which utilize a 30-day time period (58 Ill. 2d R. 604(d), R. 605(b), R. 606(b)).

We are not persuaded that the *Heil* decision stands for the proposition that a juvenile court judge is powerless to reconsider his denial of a 702 motion after more than 30 days. The court in *Heil* referred to "final appealable judgments" and notwithstanding the decision in *People v. Martin* (1977), 67 Ill. 2d 462, 367 N.E.2d 1329 (that the denial of a 702 motion is appealable by the State), we are not convinced that the decision of a juvenile court judge to deny permission to prosecute under the criminal laws can be classified as a final appealable judgment.

■■ However, whether the *Heil* decision bars a juvenile court judge from reconsidering his denial of a 702 motion after 30 days need not be decided here. The State filed its motion for such reconsideration less than 30 days from the entry of the order denying its motion. Neither *Heil* or the statutes the *Heil* court relied upon, nor any rule of the supreme court, nor any requirement of the Civil Practice Act, require that motions be heard within the period in which they must be filed. It is sufficient that they be filed within that period. (See, *e.g., People ex rel. Carey v. Forberg* (1975), 33 Ill. App. 3d 161, 337 N.E.2d 369; *City of Chicago v. Exchange National Bank* (1971), 133 Ill. App. 2d 370, 273 N.E.2d 484, *aff'd* (1972), 51 Ill. 2d 543, 283 N.E.2d 878.) Although in the instant case the motion for reconsideration was neither heard nor ruled upon within 30 days of the original decision, the court had jurisdiction to reconsider because it was filed within the 30-day period.

The defendant next contends that the criminal court acted beyond its authority in allowing the substitution of the charge of rape for the charge of attempt rape where a petition alleging attempt rape was before the juvenile court which granted the State's 702 motion.

The Juvenile Court Act provides in part: "If a petition alleges commission * * * of an act which constitutes a crime * * * the court may enter an order permitting prosecution under the criminal laws." (Ill. Rev. Stat. 1975, ch. 37, par. 702—7(3).) The Act further provides that in making its determination "the court shall consider among other matters" six enumerated factors. One of the enumerated factors is "whether there is sufficient evidence upon which a grand jury may be expected to return an indictment." Ill. Rev. Stat. 1975, ch. 37, par. 702—7(3)(a)(1).

In the instant case, the court made a finding that probable cause existed on attempt rape and attempt robbery and thereafter denied permission to prosecute under the criminal laws. At a rehearing on the latter decision, the court granted permission to prosecute under the criminal laws. Referring to the statute the court considered and, although

not required to, made specific findings on each of the six enumerated factors. It stated: "There is sufficient evidence upon which a grand jury may be expected to return an indictment" but did not state on what charge such indictment might be expected.

The defendant argues that the requirement that the above factor be considered, and the requirement that criminal prosecution is barred without prior judicial approval (*People v. Rahn* (1974), 59 Ill. 2d 302, 319 N.E.2d 787; *People v. Gooden* (1977), 56 Ill. App. 3d 408, 371 N.E.2d 1089; Ill. Rev. Stat. 1975, ch. 37, par. 702—7(3)) combine to preclude criminal prosecution on any charge other than those named in the juvenile petition which is before the court at the time the 702 motion is granted.

We do not agree. Once the requirements of the statute are complied with and an order is entered, the juvenile may be prosecuted on any charge stemming from the "act which constitutes a crime" alleged in the juvenile petition. Neither the cases cited by the defendant nor the Juvenile Court Act require that the exact charges named in the juvenile petition must be the charges prosecuted in the criminal court. The Juvenile Court Act does not refer to the "transfer of charges" nor to the "removal of charges" as is sometimes stated. Rather, the statute refers to "permitting criminal prosecution" if the petition alleges *"an act* which constitutes a crime." (Emphasis added.) (Ill. Rev. Stat. 1975, ch. 37, par. 702—7(3).) Here, the juvenile was prosecuted under the criminal laws for the act alleged in the juvenile petition and this was proper.

The requirement that the court consider whether the grand jury "might be expected to return an indictment" does not include a requirement that the court name the exact charge upon which the grand jury would indict. Nor does it require that the charge named in the juvenile petition be the one upon which the juvenile is tried in the criminal courts. It seems clear that this provision is intended only to protect minors so that they are not subjected to the criminal system unless a juvenile court judge has considered whether the charge has a prescribed degree of prosecutive merit. (See *Kent v. United States* (1966), 383 U.S. 541, 566-67 app., 16 L. Ed. 2d 84, 100 app., 86 S. Ct. 1045, 1059-60 app.) It is not intended to insure that the charge alleged in juvenile court be the one upon which the juvenile is tried under the criminal laws. Rather, if the court has determined that the charge has prosecutive merit and the other statutory requirements are met, the juvenile may be prosecuted under the criminal laws for the "act which constitutes a crime" alleged in the juvenile petition.

■■ In the instant case, the statutory requirements were met and the juvenile court entered an order permitting criminal prosecution before the minor was indicted. Therefore, the defendant was properly indicted on a rape charge although attempt rape was the charge alleged in the

juvenile petition, as both of these charges arose from the "act which constitutes a crime" alleged in the juvenile petition.

The defendant's third contention is that the criminal court erred in denying his motion to discharge where he was tried on the charge of rape and convicted of the lesser-included offense of attempt rape, although the statutory speedy-trial period had run on an indictment for attempt rape which had been stricken with leave to reinstate and which arose from the same occurrence. He correctly asserts that under Illinois law a defendant in custody must be brought to trial within 120 days of the date he was taken into custody or be discharged, unless he is chargeable with the delay. (Ill. Rev. Stat. 1975, ch. 38, par. 103—5; *People v. Toney* (1978), 58 Ill. App. 3d 364, 374 N.E.2d 695.) He cites authority for the proposition that when a charge is stricken with leave to reinstate, the charge continues to exist for purposes of the statutory speedy-trial period. These principles have no direct application to the instant case. The attempt rape charge here was not merely stricken, but rather a rape charge was substituted for it and the defendant received a speedy trial on the rape charge.

■■ The State has not sought and does not now seek to bring the defendant to trial on the attempt rape charge which was stricken off the record with leave to reinstate. That the statutory speedy-trial period has run on that charge is of no consequence here. The defendant was brought to trial on rape within the period of the statute, and it was perfectly proper for the court to find him guilty on the lesser-included offense of attempt rape (*People v. Peeler* (1973), 12 Ill. App. 3d 940, 299 N.E.2d 382; Ill. Rev. Stat. 1975, ch. 38, par. 2—9), notwithstanding that the statutory period may have run on a separate indictment for attempt rape.

For the reasons stated herein the judgment of the circuit court is affirmed.

Affirmed.

LINN and ROMITI, JJ., concur.