**Ex parte Michael Ray ALLEN.**

**No. 61099.**

Court of Criminal Appeals of Texas, En Banc.

June 10, 1981.

Rehearing Denied July 15, 1981.

Gerald E. Hopkins, Houston, for appellant.

Carol S. Vance, Dist. Atty., and Douglas M. O'Brien, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON STATE'S MOTION FOR REHEARING

TOM G. DAVIS, Judge.

On original submission we granted relief upon a post-conviction application for a writ of habeas corpus. Art. 11.07, V.A.C. C.P. We withdraw our original opinion and the following opinion is substituted therefor.

Upon reconsideration we find it unnecessary to examine the validity of petitioner's waiver of examining trial in the district court. Absent valid waiver of jurisdiction

by the juvenile court, the district court did not obtain jurisdiction to try petitioner for capital murder. We find no such waiver by the juvenile court. Pursuant to Sec. 56.01 of the Family Code "an appeal from an order of a juvenile court is to the Texas Courts of Civil Appeals. . . ." See *Dillard v. State*, Tex.Cr.App., 477 S.W.2d 547. Nevertheless, this case involves no appeal from "an order of a juvenile court," rather, the complete absence of such an order relating to the act which constituted the crime for which petitioner has been convicted—capital murder.

Pursuant to Art. 11.07, V.A.C.C.P., the 183rd District Court of Harris County conducted an evidentiary hearing. The following pertinent facts were adduced therein.

The State filed two petitions in Juvenile Court No. 2 [1] of Harris County pursuant to V.T.C.A. Family Code, Sec. 53.04. The first, filed in Juvenile Court No. 2 on April 9, 1974, alleged the offense of capital murder of Eric Siegfried on April 1, 1974. The second petition, filed on May 2, 1974, was based upon the alleged offense of attempted murder of Carl Wahlstrom, occurring on March 29, 1974. Significantly, the attempted murder of Wahlstrom occurred three days prior to the murder of Siegfried. The State subsequently filed motions for waiver of jurisdiction by the juvenile court relating to each of these offenses pursuant to V.T.C.A. Family Code, Sec. 54.02. The motion

to waive jurisdiction on the capital murder allegation was filed April 9, 1974, and the motion to waive jurisdiction on the attempted murder charge was filed on May 2, 1974.

The Honorable W. H. Miller, Judge of Juvenile Court No. 2, testified that he specifically recalled appellant's certification hearing. He related that the only evidence adduced therein concerned the attempted murder charge—not the capital murder. Judge Miller had no independent recollection of waiving jurisdiction with respect to the capital murder charge. Testimony of the several attorneys who represented petitioner in the juvenile court corroborates Judge Miller's testimony that the only evidence presented at the certification hearing related to the attempted murder charge. On May 24, 1974, the juvenile court issued an order waiving jurisdiction of petitioner relating to the offense of "Criminal Attempt—Murder." That same day the 184th District Court of Harris County issued an order acknowledging the waiver of jurisdiction by the juvenile court and assuming jurisdiction of petitioner upon the charge of "Attempted Murder." The record contains no other waiver orders from the juvenile court.

On September 25, 1974, the Harris County Grand Jury returned the following three indictments against the petitioner:

| Cause No. | Offense | Date of Offense | Complainant |
| --- | --- | --- | --- |
| 218,400 | Attempted Capital Murder | March 29, 1974 | Carl Wahlstrom |
| 218,401 | Aggravated Robbery | March 25, 1974 | Pete Valdez |
| 218,435 | Capital Murder | April 1, 1974 | Eric Siegfried |

Petitioner was convicted of capital murder in Cause No. 218,435. That conviction was affirmed by this Court on direct appeal on June 29, 1977. *Allen v. State*, Tex.Cr.App., 552 S.W.2d 843. On July 11, 1977, the indictments in Cause Nos. 218,400 and 218,401 were dismissed.

The issue before us is whether a juvenile may be certified for trial as an adult based

upon certain alleged conduct, then tried as an adult for different conduct occurring three days later. In *Tatum v. State*, Tex. Cr.App., 534 S.W.2d 678 we examined a similar situation:

"Appellant's first contention is that the order of the juvenile court transferring jurisdiction to the district court is void because it does not apprise him of the

1. Now the 314th Judicial District Court.

specific crimes for which he might be charged in district court.... [W]e have reviewed this contention and find nothing in V.T.C.A. Family Code, Sec. 54.02, which required the juvenile court's transfer order to apprise appellant of the specific crimes for which he might be charged. Moreover, it would have been difficult for the juvenile court to predict the crimes for which the grand jury would indict appellant or that the grand jury would indict him at all."

*Id.* at 680.

*Tatum* is not dispositive of the instant case. Nothing in that opinion indicates that the defendant was tried as an adult for any offenses arising from conduct not considered by the juvenile court in the certification hearing. The essence of that holding is that the transfer order from juvenile court need not apprise the juvenile of specific offenses for which he will subsequently be tried. We do not construe *Tatum* as holding that a juvenile, once certified, may be tried as an adult for alleged criminal conduct where such conduct did not form the basis of the juvenile court's waiver of jurisdiction.

Sec. 54.02 of the Family Code provides in pertinent part:

"54.02. Waiver of Jurisdiction and Discretionary Transfer to Criminal Court

"(a) The juvenile court may waive its exclusive original jurisdiction and transfer a child to the appropriate district court or criminal district court for criminal proceedings if:

"(1) the child is alleged to have violated a penal law of the grade of felony;

"(2) the child was 15 years of age or older at the time he is alleged to have committed the offense and no adjudication hearing has been conducted concerning that offense; and

"(3) after full investigation and hearing the juvenile court determines that because of the seriousness of the offense or the background of the child the welfare of the community requires criminal proceedings.

" . . .

"(f) In making the determination required by Subsection (a) of this section, the court shall consider, among other matters:

"(1) whether the alleged offense was against person or property, with greater weight in favor of transfer given to offenses against the person;

"(2) whether the alleged offense was committed in an aggressive and premeditated manner;

"(3) whether there is evidence on which a grand jury may be expected to return an indictment;

"(4) the sophistication and maturity of the child;

"(5) the record and previous history of the child; and

"(6) the prospects of adequate protection of the public and the likelihood of the rehabilitation of the child by use of procedures, services, and facilities currently available to the juvenile court.

"(g) *If the juvenile court retains jurisdiction, the child is not subject to criminal prosecution at any time for any offense alleged in the petition* or for any offense within the knowledge of the juvenile court judge as evidenced by anything in the record of the proceedings." (emphasis added).

Courts in several other jurisdictions, with statutes much like our own, have addressed inconsistencies between the offenses charged upon certification as an adult and those charged upon trial as an adult. In *Benge v. Commonwealth*, 346 S.W.2d 311 (Ky.1961) the juvenile court certified the defendant "for indictment and trial as an adult for the crime of breaking and entering into Sparkman Ready Mix and London Concrete Block Co. and stealing therefrom...." *Id.* at 312. Defendant was subsequently "indicated and tried for breaking, entering and stealing from a storehouse belonging to one Hayner Mills." *Id.* Following conviction in the circuit court, the Court of Appeals of Kentucky reversed holding that the circuit court had never acquired jurisdiction:

"[S]ince the juvenile court ... did not first proceed against [defendant] as to the public offense of which he was convicted and thereafter transfer this particular case to the circuit court in conformity with KRS 208.170(1) for final trial, jurisdiction was not acquired by the latter court...."

*Id.* at 313.

In *Junior v. State*, 507 P.2d 1037 (Nev. 1973) the defendant was certified by the juvenile court to be tried as an adult for the offense of "assault with intent to kill." He was thereafter tried and convicted upon the elevated charge of attempted murder. The Nevada Supreme Court held this was error and reformed the sentence to correspond with the lesser included offense upon which the defendant was originally certified.[2]

In *People v. Hamilton*, 78 Ill.App.3d 1031, 34 Ill.Dec. 358, 398 N.E.2d 33 (1979) the original petition filed with the juvenile court alleged "attempt rape and attempt robbery." The defendant was subsequently indicted for rape. On appeal the defendant contended that the adult prosecution should be restricted to those charges enumerated in the original petition invoking jurisdiction of the juvenile court. Rejecting this contention the Illinois court stated:

"The requirement that the court consider whether the grand jury '[might] be expected to return an indictment' does not include a requirement that the court name the exact charge upon which the grand jury would indict. Nor does it require that the charge named in the juvenile petition be the one upon which

the juvenile is tried in the criminal courts. It seems clear that this provision is intended only to protect minors so that they are not subjected to the criminal system unless a juvenile court judge has considered whether the charge has a prescribed degree of prosecutive merit. (See *Kent v. United States* (1966), 383 U.S. 541, 566–67 app., 86 S.Ct. 1045, 1059–60 app., 16 L.Ed.2d 84, 100 app.) It is not intended to insure that the charge alleged in juvenile court be the one upon which the juvenile is tried under the criminal laws. Rather, if the court has determined that the charge has prosecutive merit and the other statutory requirements are met, the juvenile may be prosecuted under the criminal laws for the '*act which constitutes a crime*' alleged in the juvenile petition.

"In the instant case, the statutory requirements were met and the juvenile court entered an order permitting criminal prosecution before the minor was indicted. Therefore, the defendant was properly indicted on a rape charge although attempt rape was the charge alleged in the juvenile petition, *as both of these charges arose from the 'act which constitutes a crime'* alleged in the juvenile petition."

*Id.* 34 Ill.Dec. at 362, 398 N.E.2d at 37 (emphasis added).[3]

*Junior v. State*, supra, and *People v. Hamilton*, supra, demonstrate different approaches to the situation where a juvenile is certified for trial as an adult for one offense then tried for another offense—each relating to the same criminal act. Unlike

**2.** Accord, *People v. Hoerle*, 3 Mich.App. 693, 143 N.W.2d 593 (1966). In this case the juvenile court's waiver of jurisdiction was based upon a petition alleging murder in the second degree. The defendant was subsequently arraigned on the charge of "murder languishing" (murder in the first degree). Finding error the Michigan court stated: "A waiver to permit prosecution for one offense is not a waiver to permit prosecution for a greater one. Here there was no waiver to try the defendant on first degree murder. There was a waiver to try him on second degree murder. This was not done." *Id.* at 595. Cf. *Snodgrass v. State*, 402 N.E.2d 1235 (Ind.1980) (not error to certify for

felony murder then try for lesser included offense of robbery arising from same transaction).

**3.** Accord, *State v. Garcia*, 93 N.M. 51, 596 P.2d 264 (1979). "The court's original order transferring jurisdiction over appellant on the matters alleged in the second petition was proper. Although the corrected order did not specifically allege the offenses for which appellant was ultimately tried the entire matter was transferred to the district court. It follows that *the indictment which covered offenses arising from the same transaction was proper....*" *Id.* at 267 (emphasis added).

*Junior*, in *Tatum v. State*, supra, we stated that it is not essential that the juvenile court's transfer order apprise the defendant of the specific offenses for which he may ultimately be indicted. Nevertheless, we hold that the transfer order must relate to a specific criminal incident or specific act(s) constituting a crime. The State cannot acquire a transfer order relating to one criminal act of a juvenile, then freely seek indictment for a separate criminal act allegedly committed by the same juvenile. See *Benge v. Commonwealth*, supra. We construe Sec. 54.02 of the Family Code as requiring the juvenile court to thoroughly investigate the circumstances surrounding a specific act, or specific acts, constituting the alleged offense before waiving jurisdiction and transferring the case to a criminal court. See *Kent v. United States*, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966).

In the instant case the only evidence presented at the certification hearing in juvenile court related to the attempted murder charge arising from acts allegedly committed on March 29, 1974. The only order waiving jurisdiction shown to have been issued by the juvenile court related to the offense of "Criminal Attempt—Murder," allegedly occurring on March 29, 1974. This order does not relate to conduct for which petitioner was indicted, tried, and convicted.

In its motion for rehearing the State contends that "[t]he Petitioner's assaultive conduct wove a web of aggravated robberies, attempted murder and murder" and that these "offenses intertwine as far as the incriminating facts." The only factual connections shown to exist between the attempted murder case and the capital murder case were: that the bullets fired in each case were allegedly fired from the same weapon, that each may have been related to a previous armed robbery in which the perpetrator obtained the combination to the safe of the store where the robberies occurred, and the crimes occurred within a three-day period. The assistant district attorney who presented these matters to the grand jury conceded that they were "three separate offenses" when testifying at the Art. 11.07 evidentiary hearing. While there may be merit to the State's contention that these crimes are factually related, such interrelationship in no way dispenses with the requirement that conduct resulting in prosecution as an adult be the subject of a complete investigation and hearing in juvenile court as a prerequisite to that court's waiver of jurisdiction and transfer to criminal court. See V.T.C.A. Family Code, Sec. 54.02; *Kent v. United States*, supra.

Since we find no waiver of jurisdiction by the juvenile court relating to conduct upon which the instant capital murder conviction is based we hold that the district court never acquired jurisdiction to proceed with adult trial of petitioner for that offense. See *Grayless v. State*, Tex.Cr.App., 567 S.W.2d 216.

Jurisdiction of the juvenile court with respect to this capital murder offense was properly invoked by a petition filed April 1, 1974. The juvenile court has never conducted a transfer hearing or issued a waiver of jurisdiction relating to conduct resulting in the capital murder prosecution. Consequently, jurisdiction of the capital murder charge remains in the juvenile court. See *R.E.M. v. State*, Tex.Civ.App., 532 S.W.2d 645, *following remand*, Tex.Cr.App., 541 S.W.2d 841 (writ ref'd n. r. e.).

The relief sought concerning the conviction in Cause No. 218,435 in the 183rd Judicial District Court of Harris County is granted and the conviction is set aside for the reasons set out herein. The State's motion for rehearing is denied.

It is so ordered.