22283

The STATE, Respondent, v. Curtis HAMILTON, Jerome Taylor, Lamont Gregg, of whom Jerome Taylor is the Appellant. Appeal of Jerome TAYLOR.

(328 S. E. (2d) 633)

Supreme Court

*Elizabeth C. Fullwood, Asst. Appellate Defender, South Carolina Office of Appellant Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Carolyn M. Adams,* all of Columbia, *Charles M. Condon,* Charleston, *for respondent.*

Heard March 12, 1985.

Decided April 9, 1985.

NESS, Justice:

Appellant was sixteen years old at the time he and two co-defendants were charged with burglary, two counts of assault and battery with intent to kill, and attempted armed robbery stemming from an incident that occurred in Charleston, South Carolina on January 25, 1982.

A transfer hearing was held before the family court pursuant to § 20-7-430(4). Since appellant had an extensive prior juvenile record the family court ruled the best interest of the child and the public would be served by binding appellant over to be tried in the court of general sessions.

After the transfer hearing but before the case was called for trial, the grand jury indicted appellant for conspiracy to commit the January 25, 1982 incident.

At the pretrial hearing, appellant moved to dismiss the conspiracy charge on the ground the circuit court lacked jurisdiction because this charge had not been presented to and transferred by the family court. The motion was denied.

Appellant then pled guilty to all charges, including the conspiracy charge and was given the aggregate sentence of 48 years.

The sole issue is whether the circuit court had subject matter jurisdiction to accept appellant's guilty plea to the conspiracy charge.

We adopt the holding that the transfer order applies to any criminal charge arising out of the transaction which was presented to juvenile court, *State v. Garcia*, 93 N. M. 51, 596 P. (2d) 264 (1979); *In Re R. L. P.*, 159 N. J. Super. 267, 387 A. (2d) 1223 (1978), so long as the charge not presented is a lesser related offense. *Junior v. State*, 89 Nev. 121, 507 P. (2d) 1037 (1973); *People v. Smith*, 35 Mich. App. 597, 192 N. W. (2d) 666 (1971); *People v. Hoerle*, 3 Mich. App. 693, 143 N. W. (2d) 593 (1966).

Since the conspiracy charge stemmed from the same incident as the charges transferred and is a lesser related offense, we hold the circuit court had subject matter jurisdiction to accept appellant's guilty plea.

Affirmed.

LITTLEJOHN, C. J., and GREGORY, HARWELL and CHANDLER, JJ., concur.