Maria Del Consuelo Escobedo **CASTRO** a/k/a Leticia Grado Moreno, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 08–84–00440–CR.

Court of Appeals of Texas, El Paso.

Jan. 29, 1986.

Jaime E. Gandara, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., El Paso, for appellee.

Before WARD, OSBORN and SCHULTE, JJ.

## OPINION

OSBORN, Justice.

The Appellant pled guilty to a charge of burglary of a habitation and the court sentenced her to fifteen years imprisonment. She contends it was error to try her on this charge when the juvenile court certified her as an adult for the offense of capital murder. We affirm.

The Appellant was arrested on July 31, 1983, and charged as an adult, along with two co-defendants, with the felony offenses of burglary of a habitation and capital murder arising out of the same incident. On August 25, 1983, she was granted immunity from prosecution for the offense of capital murder and any other criminal homicide or assaultive offense. She testified against the two co-defendants. After she was indicted for the offense of burglary of a habitation, it was determined that she was a juvenile.

In February, 1984, the designated juvenile court heard the State's petition for waiver of jurisdiction and entered an order certifying her for prosecution as an adult for the "offense of capital murder." In May, 1984, she was indicted for the offense of burglary of a habitation. She filed a written motion to quash the indictment and for a remand to the juvenile court, asserting that she had not been indicted for the only offense for which the juvenile court had waived its jurisdiction and urged that the district court had no jurisdiction to try her on a charge of burglary of a habitation. The motion was denied and she entered a plea of guilty after a plea bargain agreement was made with the district attorney.

In Grounds of Error One, Two and Four, Appellant complains of the ruling of the trial court on her motion to quash and remand. We have found no case directly in point. In *Tatum v. State*, 534 S.W.2d 678 (Tex.Crim.App.1976), the court found "nothing in V.T.C.A. Family Code, Sec. 54.-02, which required the juvenile court's transfer order to apprise appellant of the specific crimes for which he might be charged." Later, in *Ex parte Allen*, 618 S.W.2d 357 (Tex.Crim.App.1981), the court held that the transfer order must relate to a specific criminal incident or specific acts constituting a crime. In that case the court concluded that a transfer order relating to one offense on a particular day did not include another offense on a different day. In *Allen*, the court quoted the language from *People v. Hamilton*, 78 Ill. App.3d 1031, 34 Ill.Dec. 358, 398 N.E.2d 33 (Ill.1979), where the original petition filed with the juvenile court alleged "attempt rape and attempt robbery." The defendant was subsequently indicted for rape. In passing on a contention that the prosecution should have been restricted to the charges stated in the petition invoking the jurisdiction of the juvenile court, the appellate court said:

"The requirement that the court consider whether the grand jury '[might] be expected to return an indictment' does not include a requirement that the court name the exact charge upon which the grand jury would indict. Nor does it require that the charge named in the juvenile petition be the one upon which the juvenile is tried in the criminal courts. It seems clear that this provision is intended only to protect minors so that they are not subjected to the criminal system unless a juvenile court judge has considered whether the charge has a prescribed degree of prosecutive merit. (See *Kent v. United States* (1966), 383 U.S. 541, 566–67 app., 86 S.Ct. 1045, 1059–60 app., 16 L.Ed.2d 84, 100 app.) It is not intended to insure that the charge alleged in juvenile court be the one upon which the juvenile is tried under the criminal laws. Rather, if the court has determined that the charge has prosecutive merit and the other statutory requirements are met, the juvenile may be

prosecuted under the criminal laws for the 'act which constitutes a crime' alleged in the juvenile petition.

"In the instant case, the statutory requirements were met and the juvenile court entered an order permitting criminal prosecution before the minor was indicted. Therefore, the defendant was properly indicted on a rape charge although attempt rape was the charge alleged in the juvenile petition, as both of these charges arose from the 'act which constitutes a crime' alleged in the juvenile petition."

■ In our case, the Order Waiving Jurisdiction recites the juvenile "is charged with violations of the penal laws of the grade of felony if committed by an adult, to-wit: capital murder and burglary of a habitation" but it only waives jurisdiction "in regards to the felony offense of capital murder." Based upon the results reached in *Ex parte Allen,* supra, we conclude that the district court had jurisdiction to try Appellant for burglary of a habitation and there was no error in denying the motion to quash and remand. Grounds of Error One, Two and Four are overruled.

■ It is Appellant's contention in her third ground of error that the trial court erred in convicting her of a felony offense when the statutorily required examining trial failed to find probable cause for the same offense on which the juvenile court had waived its jurisdiction. It is necessary that there be a finding of probable cause at the examining trial for a juvenile sought to be tried as an adult. *Ex parte LeBlanc,* 577 S.W.2d 731 (Tex.Crim.App.1979). Without such a finding, a subsequent indictment is void. *Ex parte Spencer,* 579 S.W.2d 242 (Tex.Crim.App.1979).

■ But, in this case the prosecutor advised the court at the examining trial that the State was proceeding only on the offense of burglary of a habitation. The court found probable cause and that was all that was required. Based upon our holding on the other grounds of error, we conclude that it was not necessary for the court to find probable cause for capital murder at the examining trial. Ground of Error Three is overruled.

The judgment of the trial court is affirmed.