COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-005-CR
 
JOE BONE           
           
           
           
           
           
       
APPELLANT
V.
THE STATE OF TEXAS        
           
           
           
           
           
 STATE
------------
FROM THE 235
TH DISTRICT COURT OF COOKE
COUNTY
------------
OPINION
------------
Appellant, Joe Bone, appeals his
conviction for possession of a controlled substance with intent to deliver
raising seven points: 1-2) the evidence was legally and factually insufficient
to prove that Appellant ever possessed or had the intent to deliver a controlled
substance; 3-4) the prosecutor committed harmful error by indicating to the jury
panel in voir dire that Appellant had previous felony convictions and had been
to the penitentiary twice; 5) the police officer who arrested Appellant did so
under a pretext stop and so the subsequent search was illegal due to a lack of
probable cause; 6) Appellant's sentence was so excessive as to constitute cruel
and unusual punishment; and 7) Appellant claims the jury was instructed and
returned a conviction on a charge not listed in the indictment. We affirm
Appellant's conviction.
FACTS
On October 19, 2000, Cook County
Deputy Samuel Brown attempted to pull over an older model car for failing to
maintain a single lane and driving on the shoulder. The car failed to stop
immediately, and Brown gave chase. During the short chase, Brown witnessed
Appellant reach out of the passenger-side window and drop two bags out of the
car. After Appellant dropped the bags, the car pulled over. Brown asked
Appellant to step out of the car and noticed a large white stain on Appellant's
jeans. Brown and another officer went back to the place where Appellant dropped
the bags out the window and found two bags containing over four grams of
methamphetamine. Lab tests on Appellant's jeans also tested positive for
methamphetamine. Brown inventoried the contents of the car and found a bag
containing scales, syringes, a large number of small plastic bags, and
Appellant's wallet.
Brown arrested Appellant for an
outstanding warrant at the scene and later charged him with possession of a
controlled substance, methamphetamine, of four grams or more, but less than 200
grams, with intent to deliver. The Cooke County District Attorney tried
Appellant in front of a jury who found him guilty and set punishment at life
imprisonment.
LEGAL AND FACTUAL
SUFFICIENCY
In Appellant's first two points on
appeal, he states that the evidence was both legally and factually insufficient
to prove that he possessed the methamphetamine. He further argues that the
evidence failed to prove that he had the intent to deliver the methamphetamine.
Appellant contends that testimony during trial proved that he used the drug
paraphernalia that the arresting officer found in order to care for fighting
game cocks. He claims that the State did not contradict this evidence and so the
fact finder must assume its truth. We disagree and find the evidence legally and
factually sufficient to support the judgment.
STANDARD
OF REVIEW
In reviewing the legal sufficiency
of the evidence to support a conviction, we view all the evidence in the light
most favorable to the verdict. Cardenas v. State, 30 S.W.3d 384, 389-90
(Tex. Crim. App. 2000); Narvaiz v. State, 840 S.W.2d 415, 423 (Tex.
Crim. App. 1992), cert. denied, 507 U.S. 975 (1993). The critical
inquiry is whether, after so viewing the evidence, any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt. McDuff
v. State, 939 S.W.2d 607, 614 (Tex. Crim. App.), cert. denied, 522
U.S. 844 (1997). In determining the legal sufficiency of the evidence to show
appellant's intent, and faced with a record that supports conflicting
inferences, we "must presume -- even if it does not affirmatively appear in
the record -- that the trier of fact resolved any such conflict in favor of the
prosecution, and must defer to that resolution." Matson v. State,
819 S.W.2d 839, 846 (Tex. Crim. App. 1991).
In reviewing the factual
sufficiency of the evidence to support a conviction, we are to view all the
evidence in a neutral light, favoring neither party. Johnson v. State,
23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Clewis v. State, 922 S.W.2d 126,
129 (Tex. Crim. App. 1996). Evidence is factually insufficient if it is so weak
as to be clearly wrong and manifestly unjust or the adverse finding is against
the great weight and preponderance of the available evidence. Johnson,
23 S.W.3d at 11. Therefore, we must determine whether a neutral review of all
the evidence, both for and against the finding, demonstrates that the proof of
guilt is so obviously weak as to undermine confidence in the verdict, or the
proof of guilt, although adequate if taken alone, is greatly outweighed by
contrary proof. Id. In performing this review, we are to give due
deference to the fact finder's determinations. Id. at 8-9; Clewis,
922 S.W.2d at 136. Consequently, we may find the evidence factually insufficient
only where necessary to prevent manifest injustice. Johnson, 23 S.W.3d
at 9, 12; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).

DISCUSSION
The state tried and convicted
Appellant for possession of a controlled substance, methamphetamine, of four
grams or more but less than 200 grams, with the intent to deliver. To prove drug
possession, the State must show (1) a defendant exercised care, custody,
control, or management over the drugs, and (2) that the defendant knew he
possessed a controlled substance. Brown v. State, 911 S.W.2d 744, 747
(Tex. Crim. App. 1995) (en banc); Armstrong v. State, 82 S.W.3d 444,
448 (Tex. App.--Austin 2002, no pet.); Mohmed v. State, 977 S.W.2d 624,
627 (Tex. App.--Fort Worth 1998, no pet.). When a defendant does not have
exclusive possession or control of the place where the drugs are found, the
State must affirmatively link the defendant with the drugs. Brown, 911
S.W.2d at 747-48.
Circumstantial evidence, including
evidence surrounding possession of the drugs, may prove the intent to deliver. Reece
v. State, 878 S.W.2d 320, 325 (Tex. App.--Houston [1st Dist.] 1994, no
pet.). The fact finder may infer an intent to deliver from the quantity of drugs
possessed, Branch v. State, 599 S.W.2d 324, 325-26 (Tex. Crim. App.
[Panel Op.] 1979), and it may also infer intent to deliver from the manner in
which the defendant packaged the drugs. Rhodes v. State, 913 S.W.2d
242, 251 (Tex. App.--Fort Worth 1995, no pet.). The jury may also consider the
presence of drug paraphernalia in determining the defendant's intent to deliver.
See Munoz v. State, 29 S.W.3d 205, 211 (Tex. App.--Amarillo 2000, no
pet.).
Appellant rode as a passenger in a
car pulled over by a patrol deputy of the Cooke County Sheriff's Department
during the early morning of October 19, 2000. The evidence introduced at trial
shows that the car did not immediately respond to the deputy's attempt to pull
it over. Once the car began to pull over, the deputy witnessed Appellant throw
two bags containing a white substance in them out the passenger-side window.
When the car stopped for the deputy, he arrested the two occupants. During the
arrest of Appellant, the officer observed that Appellant had a white wet stain
on the front of his pants. Due to the distinctive smell from the car, the
officers suspected that Appellant possessed a controlled substance. The officer
searched the car subsequent to the arrest of the two occupants and found a bag
containing three syringes, a scale, and thirty-eight small baggies. The bag also
contained Appellant's wallet with a card identifying him. Brown also found a
small blue container on the passenger side floorboard which contained
methamphetamine.
The deputy testified at trial that
once he placed Appellant in his squad car, he searched the area where he
witnessed Appellant throw the bags out the window. During this search, he and
another deputy found two small plastic bags containing methamphetamine. The
stain on Appellant's pants and boxer-shorts also tested positive for
methamphetamine. Brown testified that possession of the scale and the small
plastic bags plus the amount of methamphetamine found on Appellant were
consistent with possession with the intent to distribute.
Appellant contends that the
testimony at trial shows that he never possessed any drugs. He points to
testimony showing that the officers never checked the bags of drugs for his
fingerprints. He also states that during trial, evidence showed that he used the
syringes, scale, and baggies to raise fighting game cocks.
In the case before us, we have made
a complete and detailed examination of all the relevant evidence and have
determined the evidence to be both legally and factually sufficient and that
manifest injustice has not occurred. We defer to the fact finder's decision. See
Johnson, 23 S.W.3d at 12. We overrule Appellant's first and second points
on appeal.
PRIOR CONVICTIONS
Because Appellant's third and
fourth points on appeal involve similar issues, we will address the two
together. In Appellant's third point on appeal, he claims that the State
injected harmful error into the trial by indicating to the jury panel in voir
dire that Appellant had previous felony convictions and had been to the
penitentiary twice. Specifically, Appellant contends that the State's questions
regarding whether the jury could sentence a hypothetical defendant to the
maximum allowable sentence, including any enhancement for prior convictions,
improperly informed the jury that Appellant had previous felony convictions.
The trial court has broad
discretion to determine the propriety of the questioning during voir dire. See,
e.g., Dowden v. State, 758 S.W.2d 264, 274 (Tex. Crim. App. 1988); Livar
v. State, 929 S.W.2d 573, 576 (Tex. App.--Fort Worth 1996, pet. ref'd). A
prosecutor may use hypothetical situations to explain legal concepts as a
permissible form of questioning during voir dire. See, e.g., Heiselbetz v.
State, 906 S.W.2d 500, 511 (Tex. Crim. App. 1995); Clark v. State,
881 S.W.2d 682, 689 (Tex. Crim. App. 1994), cert. denied, 513 U.S.
1156, 115 S.Ct. 1114 (1995). The prosecutor may also use hypothetical questions
to inform the jury panel of the range of punishment, including possible
enhancements. See Frausto v. State, 642 S.W.2d 506, 509 (Tex. Crim.
App. [Panel Op.] 1982) (reiterating that "a prosecutor may inform the jury
panel of the range of punishment applicable if the State were to prove a prior
conviction for enhancement purposes"). We have previously held that the
State may question potential jurors over enhancement paragraphs provided the
State does not use specifics. See Hammons v. State, 856 S.W.2d 797,
802-03 (Tex. App.--Fort Worth 1993, pet. ref'd).
In the present case, the State did
not use any specific crimes that Appellant committed in their hypothetical
examples. The State, therefore, did not impermissibly inform the jury of
Appellant's prior felony convictions. We hold that the trial court did not abuse
its discretion by allowing the prosecutor to question the jury panel over a
hypothetical enhancement to the range of punishment. We overrule Appellant's
third point on appeal.
Appellant argues in his fourth
point that the prosecution committed reversible error by continuously referring
to Appellant's prior convictions during trial. The State responds that Appellant
failed to object to any of these references in trial and, therefore, waived any
error. Appellant argues that, although he failed to properly object to the
State's improper references, the gravity of the harm should allow for our review
of the error without the need for an objection in the trial court.
To review this alleged error
without Appellant preserving error in the trial court would contradict specific
rules established by the Texas Court of Criminal Appeals. See Wilson
v. State, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002); Broxton v. State,
909 S.W.2d 912, 918 (Tex. Crim. App. 1995). Even if we could ignore controlling
law from a higher court, we refuse to do so here. We reiterate that in order to
preserve error for appellate review, the complaining party must make a specific
objection and obtain a ruling on the objection in the trial court. Wilson,
71 S.W.3d at 349; Broxton, 909 S.W.2d at 918. Appellant claims that if
we find that he waived error on this point, then his trial counsel's assistance
was ineffective. Appellant has failed to properly brief this argument by failing
to cite legal authority or record references. TEX. R.
APP. P. 38.1(h). We hold that Appellant failed to do
either and has waived his fourth point on appeal.
UNLAWFUL SEARCH
In Appellant's fifth point on appeal, he complains that the search of
the vehicle in this case amounted to an illegal pretext search. Appellant did
not file a pretrial suppression motion based on an illegal search, nor did he
object to evidence introduced at trial which resulted from the search. Without
proper preservation, even constitutional error may be waived. TEX.
R. APP. P. 33.1(a); Wright v. State,
28 S.W.3d 526, 536 (Tex. Crim. App. 2000); Luna v. State,
70 S.W.3d 354, 359 (Tex. App.--Corpus Christi 2002, pet. ref'd). Appellant has
failed to preserve error for appellate review over this issue. Wilson,
71 S.W.3d at 349. We hold that Appellant has waived his fifth point on appeal by
failing to preserve error during trial.
CRUEL AND UNUSUAL PUNISHMENT
In Appellant's sixth point on appeal, he claims that the sentence
imposed by the jury violated his Constitutional right against cruel and unusual
punishment. Appellant failed to raise this issue in the trial court and has
therefore waived it. See TEX. R.
APP. P. 33.1(a); Curry v. State,
910 S.W.2d 490, 497-98 (Tex. Crim. App. 1995) (stating that a defendant waives a
complaint of cruel and unusual punishment if he fails to raise it in the trial
court); Garcia v. State, 887 S.W.2d 846, 861 (Tex. Crim.
App. 1994), cert. denied, 514 U.S. 1005, 115 S.Ct. 1317
(1995); Sullivan v. State, 986 S.W.2d 708, 711 (Tex.
App.--Dallas 1999, no pet.) (holding that a defendant waives a complaint about
the constitutionality of a statute as applied if he does not raise it in the
trial court). We overrule Appellant's sixth point on appeal.
INDICTMENT
In Appellant's seventh point on appeal, he claims that the jury
improperly convicted him on a charge which differed from the charge in the
indictment. Appellant alleges that based on a proper charge that mimics the
indictment, the evidence offered at trial was insufficient to support his
conviction. The record indicates that the indictment failed to include
"adulterants" and "dilutants" in the description of the
methamphetamine. The charging instrument did include the terms. Appellant
asserts that a fatal error arises from this variance between the indictment and
the charging instrument. Appellant further declares that when we apply the
evidence at trial to the indictment, we see that the evidence fails to prove
that he had over four grams of pure methamphetamine. Instead, the evidence at
trial shows that he had over four grams of methamphetamine, including dilutants
and adulterants.
The court of criminal appeals has recently determined that these
variances between indictments and charging instruments are immaterial. Instead,
this court should review the submitted cases "measured by the elements of
the offense as defined by the hypothetically correct jury charge for the
case." See Malik v. State, 953 S.W.2d 234, 240 (Tex.
Crim. App. 1997). "This standard can uniformly be applied to all trials,
whether to the bench or to the jury, whether or not the indictment is facially
complete, and regardless of the specific wording of the jury charge actually
given." Id.
In the present case, we have already reviewed the evidence for legal
and factual sufficiency based on the hypothetically correct jury charge, which
would have included adulterants and dilutants in the aggregate weight of the
methamphetamine. We therefore overrule Appellant's seventh point on appeal.
CONCLUSION
Having overruled all of Appellant's points on appeal, we affirm the
trial court's judgment.
 
           
           
           
           
           
           
 SAM J. DAY
           
           
           
           
           
           
 JUSTICE
 
PANEL A: CAYCE, C.J.; DAY and LIVINGSTON, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: April 3, 2003