JOE BONE V. THE STATE OF TEXAS

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-005-CR

JOE BONE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 235
TH
 DISTRICT COURT OF COOKE COUNTY

------------

OPINION

------------

Appellant, Joe Bone, appeals his conviction for possession of a controlled substance with intent to deliver raising seven points: 1-2) the evidence was legally and factually insufficient to prove that Appellant ever possessed or had the intent to deliver a controlled substance; 3-4) the prosecutor committed harmful error by indicating to the jury panel in voir dire that Appellant had  previous felony convictions and had been to the penitentiary twice; 5) the police officer who arrested Appellant did so under a pretext stop and so the subsequent search was illegal due to a lack of probable cause; 6) Appellant’s sentence was so excessive as to constitute cruel and unusual punishment; and 7) Appellant claims the jury was instructed and returned a conviction on a charge not listed in the indictment.  We affirm Appellant’s conviction.

FACTS

On October 19, 2000, Cook County Deputy Samuel Brown attempted to pull over an older model car for failing to maintain a single lane and driving on the shoulder.  The car failed to stop immediately, and Brown gave chase.  During the short chase, Brown witnessed Appellant reach out of the passenger-side window and drop two bags out of the car.  After Appellant dropped the bags, the car pulled over.  Brown asked Appellant to step out of the car and noticed a large white stain on Appellant’s jeans.  Brown and another officer went back to the place where Appellant dropped the bags out the window and found two bags containing over four grams of methamphetamine.  Lab tests on Appellant’s jeans also tested positive for methamphetamine.  Brown inventoried the contents of the car and found a bag containing scales, syringes, a large number of small plastic bags, and Appellant’s wallet. 

Brown arrested Appellant for an outstanding warrant at the scene and later charged him with possession of a controlled substance, methamphetamine, of four grams or more, but less than 200 grams, with intent to deliver.  The Cooke County District Attorney tried Appellant in front of a jury who found him guilty and set punishment at life imprisonment.

LEGAL AND FACTUAL SUFFICIENCY

In Appellant’s first two points on appeal, he states that the evidence was both legally and factually insufficient to prove that he possessed the methamphetamine.  He further argues that the evidence failed to prove that he had the intent to deliver the methamphetamine.  Appellant contends that testimony during trial proved that he used the drug paraphernalia that the arresting officer found in order to care for fighting game cocks.  He claims that the State did not contradict this evidence and so the fact finder must assume its truth.  We disagree and find the evidence legally and factually sufficient to support the judgment.

STANDARD OF REVIEW

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to 
the verdict.  
Cardenas v. State, 
30 S.W.3d 384, 389-90 (Tex. Crim. App. 2000); 
Narvaiz v. State
, 840 S.W.2d 415, 423 (Tex. Crim. App. 1992), 
cert. denied
, 507 U.S. 975 (1993).  The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
McDuff v. State
, 939 S.W.2d 607, 614 (Tex. Crim. App.), 
cert. denied
, 522 U.S. 844 (1997).  
In determining the legal sufficiency of the evidence to show appellant's intent, and faced with a record that supports conflicting inferences, we "must presume — even if it does not affirmatively appear in the record — that the trier of fact resolved any such conflict in favor of the prosecution, and must defer to that resolution."  
Matson v. State, 
819 S.W.2d 839, 846 (Tex. Crim. App. 1991)
.  

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party. 
 Johnson v. State
, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); 
Clewis v. State
, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).  Evidence is factually insufficient if it is so weak as to be clearly wrong and manifestly unjust or the adverse finding is against the great weight and preponderance of the available evidence.  
Johnson
, 23 S.W.3d at 11.  Therefore, we must determine whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the
 verdict
, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof.  
Id.
  In performing this review, we are to give due deference to the fact finder’s determinations.  
Id.
 at 8-9; 
Clewis,
 922 S.W.2d at 136.  Consequently, we may find the evidence factually insufficient only where necessary to prevent manifest injustice.  
Johnson
, 23 S.W.3d at 9, 12; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).

DISCUSSION

The state tried and convicted Appellant for possession of a controlled substance, methamphetamine, of four grams or more but less than 200 grams, with the intent to deliver.  To prove drug possession, the State must show (1) a defendant exercised care, custody, control, or management over the drugs, and (2) that the defendant knew he possessed a controlled substance.
  Brown v. State
, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995) (en banc); 
Armstrong v. State
, 82 S.W.3d 444, 448 (Tex. App.—Austin 2002, no pet.); 
Mohmed v. State
, 977 S.W.2d 624, 627 (Tex. App.—Fort Worth 1998, no pet.).  When a defendant does not have exclusive possession or control of the place where the drugs are found, the State must affirmatively link the defendant with the drugs.  
Brown
, 911 S.W.2d at 747-48. 

Circumstantial evidence, including evidence surrounding possession of the drugs, may prove the intent to deliver.  
Reece v. State
, 878 S.W.2d 320, 325 (Tex. App.—Houston [1st Dist.] 1994, no pet.).  The fact finder may infer an intent to deliver from the quantity of drugs possessed, 
Branch v. State
, 599 S.W.2d 324, 325-26 (Tex. Crim. App.  [Panel Op.] 1979), and it may also infer intent to deliver from the manner in which the defendant packaged the drugs.  
Rhodes v. State
, 913 S.W.2d 242, 251 (Tex. App.—Fort Worth 1995, no pet.).  The jury may also consider the presence of drug paraphernalia in determining the defendant’s intent to deliver.  
See Munoz v. State
, 29 S.W.3d 205, 211 (Tex. App.—Amarillo 2000, no pet.).

 Appellant rode as a passenger in a car pulled over by a patrol deputy of the Cooke County Sheriff’s Department during the early morning of October 19,
 2000.  The evidence introduced at trial shows that the car did not immediately respond to the deputy’s attempt to pull it over.  Once the car began to pull over, the deputy witnessed Appellant throw two bags containing a white substance in them out the passenger-side window.  When the car stopped for the deputy, he arrested the two occupants.  During the arrest of Appellant, the officer observed that Appellant had a white wet stain on the front of his pants.  Due to the distinctive smell from the car, the officers suspected that Appellant possessed a controlled substance.  The officer searched the car subsequent to the arrest of the two occupants and found a bag containing three syringes, a scale, and thirty-eight small baggies.  The bag also contained Appellant’s wallet with a card identifying him.  Brown also found a small blue container on the passenger side floorboard which contained methamphetamine.

The deputy testified at trial that once he placed Appellant in his squad car, he searched the area where he witnessed Appellant throw the bags out the window.  During this search, he and another deputy found two small plastic bags containing methamphetamine.  The stain on Appellant’s pants and boxer-shorts also tested positive for methamphetamine.  Brown testified that possession of the scale and the small plastic bags plus the amount of methamphetamine found on Appellant  were consistent with possession with the intent to distribute.  

Appellant contends that the testimony at trial shows that he never possessed any drugs.  He points to testimony showing that the officers never checked the bags of drugs for his fingerprints.  He also states that during trial, evidence showed that he used the syringes, scale, and baggies to raise fighting game cocks.  

In the case before us, we have made a complete and detailed examination of all the relevant evidence and have determined the evidence to be both legally and factually sufficient and that manifest injustice has not occurred.  We defer to the fact finder’s decision.  
See Johnson
, 23 S.W.3d at 12.  We overrule Appellant’s first and second points on appeal.

PRIOR CONVICTIONS

Because Appellant’s third and fourth points on appeal involve similar issues, we will address the two together.  In Appellant’s third point on appeal, he claims that the State injected harmful error into the trial by indicating to the jury panel in voir dire that Appellant had previous felony convictions and had been to the penitentiary twice.  Specifically, Appellant contends that the State’s questions regarding whether the jury could sentence a hypothetical defendant to the maximum allowable sentence, including any enhancement for prior convictions, improperly informed the jury that Appellant had previous felony convictions.

The trial court has broad discretion to determine the propriety of the questioning during voir dire.  
See, e.g., Dowden v. State
, 758 S.W.2d 264, 274 (Tex. Crim. App. 1988); 
Livar v. State
, 929 S.W.2d 573, 576 (Tex. App.—Fort Worth 1996, pet. ref’d).  A prosecutor may use hypothetical situations to explain legal concepts as a permissible form of questioning during voir dire.  
See, e.g., Heiselbetz v. State
, 906 S.W.2d 500, 511 (Tex. Crim. App. 1995);  
Clark v. State
, 881 S.W.2d 682, 689 (Tex. Crim. App. 1994), 
cert. denied
, 513 U.S. 1156, 115 S.Ct. 1114 (1995).  The prosecutor may also use hypothetical questions to inform the jury panel of the range of punishment, including possible enhancements.  
See Frausto v. State
, 642 S.W.2d 506, 509 (Tex. Crim. App.  [Panel Op.] 1982) (reiterating that “a prosecutor may inform the jury panel of the range of punishment applicable if the State were to prove a prior conviction for enhancement purposes”).  We have previously held that the State may question potential jurors over enhancement paragraphs provided the State does not use specifics.  
See Hammons v. State
, 856 S.W.2d 797, 802-03 (Tex. App.—Fort Worth 1993, pet. ref’d).    

In the present case, the State did not use any specific crimes that Appellant committed in their hypothetical examples.  The State, therefore, did not impermissibly inform the jury of Appellant’s prior felony convictions.  We hold that the trial court did not abuse its discretion by allowing the prosecutor to question the jury panel over a hypothetical enhancement to the range of punishment.  We overrule Appellant’s third point on appeal.

Appellant argues in his fourth point that the prosecution committed reversible error by continuously referring to Appellant’s prior convictions during trial.  The State responds that Appellant failed to object to any of these references in trial and, therefore, waived any error.  Appellant argues that, although he failed to properly object to the State’s improper references, the gravity of the harm should allow for our review of the error without the need for an objection in the trial court.  

To review this alleged error without Appellant preserving error in the trial court would contradict specific rules established by the Texas Court of Criminal Appeals.  
See
 
Wilson v. State
, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002); 
Broxton v. State
, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995).  Even if we could ignore controlling law from a higher court, we refuse to do so here.  We reiterate that in order to preserve error for appellate review, the complaining party must make a specific objection and obtain a ruling on the objection in the trial court. 
 
Wilson
, 71 S.W.3d at 349; 
Broxton
, 909 S.W.2d at 918.  Appellant claims that if we find that he waived error on this point, then his trial counsel’s assistance was ineffective.  Appellant has failed to properly brief this argument by failing to cite legal authority or record references.  T
EX
. R. A
PP
. P. 38.1(h).
  We hold that Appellant failed to do either and has waived his fourth point on appeal.

UNLAWFUL SEARCH

In Appellant’s fifth point on appeal, he complains that the search of the vehicle in this case amounted to an illegal pretext search.  Appellant did not file a pretrial suppression motion based on an illegal search, nor did he object to evidence introduced at trial which resulted from the search.  Without proper preservation, even constitutional error may be waived.  T
EX
. R. A
PP
. P. 33.1(a);  
Wright v. State
, 28 S.W.3d 526, 536 (Tex. Crim. App. 2000);  
Luna v. State
, 70 S.W.3d 354, 359 (Tex. App.—Corpus Christi 2002, pet. ref’d).  Appellant has failed to preserve error for appellate review over this issue.  
Wilson
, 71 S.W.3d at 349.  We hold that Appellant has waived his fifth point on appeal by failing to preserve error during trial.

CRUEL AND UNUSUAL PUNISHMENT

In Appellant’s sixth point on appeal, he claims that the sentence imposed by the jury violated his Constitutional right against cruel and unusual punishment.  Appellant failed to raise this issue in the trial court and has therefore waived it.  
See
 T
EX
. R. A
PP
. P. 33.1(a); 
Curry v. State
, 910 S.W.2d 490, 497-98 (Tex. Crim. App. 1995) (stating that a defendant waives a complaint of cruel and unusual punishment if he fails to raise it in the trial court); 
Garcia v. State
, 887 S.W.2d 846, 861 (Tex. Crim. App. 1994), 
cert. denied
, 514 U.S. 1005, 115 S.Ct. 1317 (1995); 
Sullivan v. State
, 986 S.W.2d 708, 711 (Tex. App.—Dallas 1999, no pet.) (holding that a defendant waives a complaint about the constitutionality of a statute as applied if he does not raise it in the trial court).  We overrule Appellant’s sixth point on appeal.

INDICTMENT

In Appellant’s seventh point on appeal, he claims that the jury improperly convicted him on a charge which differed from the charge in the indictment.  Appellant alleges that based on a proper charge that mimics the indictment, the evidence offered at trial was insufficient to support his conviction.  The record indicates that the indictment failed to include “adulterants” and “dilutants” in the description of the methamphetamine.  The charging instrument did include the terms.  Appellant asserts that a fatal error arises from this variance between the indictment and the charging instrument.  Appellant further declares that when we apply the evidence at trial to the indictment, we see that the evidence fails to prove that he had over four grams of pure methamphetamine.  Instead, the evidence at trial shows that he had over four grams of methamphetamine, including dilutants and adulterants.  

The court of criminal appeals has recently determined that these variances between indictments and charging instruments are immaterial.  Instead, this court should review the submitted cases “measured by the elements of the offense as defined by the hypothetically correct jury charge for the case.”  
See Malik v. State
, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).  “This standard can uniformly be applied to all trials, whether to the bench or to the jury, whether or not the indictment is facially complete, and regardless of the specific wording of the jury charge actually given.”  
Id.
 

In the present case, we have already reviewed the evidence for legal
 and factual
 sufficiency based on the hypothetically correct jury charge, which would have included adulterants and dilutants in the aggregate weight of the methamphetamine.  We therefore overrule Appellant’s seventh point on appeal.

CONCLUSION

Having overruled all of Appellant’s points on appeal, we affirm the trial court’s judgment.
 

SAM J. DAY

JUSTICE

PANEL A: CAYCE, C.J.; DAY and LIVINGSTON, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: April 3, 2003