NO. 07-02-0517-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 13, 2003

_____

THE STATE OF TEXAS,

Appellant

v.

DETRIA MCINTOSH,

Appellee

_____

FROM THE 31ST DISTRICT COURT OF HEMPHILL COUNTY;

NO. 2523; HON. STEVEN R. EMMERT, PRESIDING

_____

***Memorandum Opinion***

_____

Before QUINN, REAVIS and CAMPBELL, JJ.

The State of Texas (the State) appeals from an order quashing part of an indictment accusing Detria McIntosh (appellee) of delivering a controlled substance within a drug-free school zone. According to the State, as uttered in its sole issue, the trial court erred in removing that portion of the indictment charging appellee with committing the act within 1000 feet of "premises leased by the Canadian Independent School District . . . ." We overrule the point and affirm the order for the following reasons.

First, the State argued below that the indictment was accurate because the lease in question involved the lease of *educational services* from the Canadian School District by an entity operating a youth boot camp, *i.e.* that the boot camp was leasing services from the school district which triggered application of §481.134 of the Texas Health Code.[1]  On appeal, it argues that the lease was for *real property* (as opposed to services) by the Canadian School District from those operating the boot camp.  As can be seen, the argument asserted below by the State does not comport with that urged on appeal.  Thus, the issue has not been preserved for review.  *Livar v. State*, 929 S.W.2d 573, 576 (Tex. App.--Fort Worth 1996, pet. ref'd) (stating that a complaint urged on appeal that fails to comport with the complaint urged at trial results in the waiver of the complaint).

Alternatively, to the extent that the State now argues that the agreement involved the lease of realty, we also note that it told the trial court that it "would just say, this is a lease for services."  To the extent it represented to the trial court that the agreement was actually one for services, it effectively admitted that it was not one for realty and, thereby disproved its current argument.  Thus, the trial court did not abuse its discretion in granting the motion to quash.  *Thomas v. State*, 621 S.W.2d 158, 163 (Tex. Crim. App. 1980) (stating that the standard of review applicable when reviewing decisions quashing an indictment is one of abused discretion).

Accordingly, we affirm the order of the trial court.

---

[1] Under the provision, the delivery of less than one gram of a controlled substance "in, on or within 1,000 feet of any *real property* that is owned, rented, or leased to a school or school board" is a felony of the third degree.  TEX. HEALTH & SAFETY CODE ANN. §481.134(d) (Vernon 2003) (emphasis added).  As can be seen, the statute contemplates the lease, ownership or rental of real property.

Do not publish.