

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00035-CR

_____

MICHAEL HENRY III, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 158th District Court
Denton County, Texas
Trial Court No. F19-3271-158

---

Before Bassel, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

### I. INTRODUCTION

In a single issue, Appellant Michael Henry III, who was a juvenile at the time of the events giving rise to this case, argues that the criminal district court lacked jurisdiction to place him on deferred-adjudication probation—and to subsequently sentence him to twenty years in prison—for the second-degree felony offense of aggravated assault with a deadly weapon because the juvenile court never made a probable cause finding that Henry had committed that particular offense, thereby rendering its waiver of exclusive jurisdiction invalid. *See* Tex. Fam. Code Ann. § 54.02(a)(3); *see also Nix v. State*, 65 S.W.3d 664, 667–68 (Tex. Crim. App. 2001) (stating that void-judgment exception applies in the deferred-adjudication context). Because a juvenile court waives jurisdiction with respect to conduct, not a particular charge, we affirm.

### II. BACKGROUND

In April 2019, Henry and a group of his friends had a verbal and physical altercation with another group of boys outside one of the boys' homes. After the fight initially broke up, Henry's group left, but they returned about ten minutes later. Once the fight resumed, Henry pulled out a gun and fired it in the direction of multiple people, including H.C.[1]

---

[1]Because H.C. was a juvenile at the time Henry's offense was committed, we use an alias to refer to him. *See* Tex. R. App. P. 9.8.

The State filed a petition against Henry in juvenile court alleging that he had engaged in deadly conduct, a third-degree felony, by firing a gun "at or in the direction of" H.C. *See* Tex. Penal Code Ann. § 22.05. Because Henry's alleged deadly-conduct offense was a felony and he was at least fifteen years old at the time that it was committed, the State requested the discretionary transfer of Henry's case to criminal district court. *See* Tex. Fam. Code Ann. § 54.02(a).

In July 2019, the juvenile court held a transfer hearing to determine whether there was probable cause to believe that Henry had committed the alleged deadly-conduct offense and whether, given the offense's seriousness and Henry's background, criminal proceedings were required. *See id.* § 54.02(a)(3). The juvenile court found that there was probable cause, waived jurisdiction, and transferred Henry's case to criminal district court.

After Henry's case was transferred to the district court, a grand jury issued a true bill of indictment charging Henry with the second-degree felony offense of aggravated assault with a deadly weapon based on his firing of the gun at H.C. during the April 2019 fight.[2] *See* Tex. Penal Code Ann. § 22.02(b).

---

[2]The indictment alternatively alleged that Henry had "intentionally or knowingly threatened [H.C.] with imminent bodily injury by pointing or discharging a firearm" at him or in his direction or that Henry had "intentionally, knowingly, or recklessly cause[d] bodily injury to [H.C.] by striking [H.C.] with [his] hand or slamming [H.C.]" and that he had used or exhibited a deadly weapon—a firearm—during the commission of the assault.

In June 2020, Henry, pursuant to a plea bargain, pleaded guilty to the aggravated-assault-with-a-deadly-weapon charge. Under the terms of his plea agreement, Henry received deferred adjudication and was placed on five years' probation.[3]

In March 2022, the State, alleging multiple probation violations, filed a motion to proceed with adjudication of guilt.[4] In February 2023, the district court held a hearing on the State's petition. The district court found a number of the State's allegations to be true; adjudicated Henry guilty; and after a punishment hearing, sentenced Henry to twenty years in prison. This appeal followed.

## III. DISCUSSION

In a single issue, Henry contends that because the juvenile court never made a probable cause finding that he had committed the second-degree felony offense of aggravated assault with a deadly weapon, its waiver of exclusive jurisdiction was invalid, and as a result, the district court lacked jurisdiction to place him on deferred-adjudication probation—and ultimately to sentence him to twenty years in prison—for that offense. *See* Tex. Fam. Code Ann. § 54.02(a)(3). Henry's argument lacks merit.

---

[3]Henry was also required to pay a $500 fine.

[4]The State amended its motion twice before it was heard by the district court.

The Texas Family Code provides that the designated juvenile court of each county has exclusive original jurisdiction over proceedings involving juvenile defendants. *See id.* §§ 51.04(a), 54.02(a). Therefore, any person accused of engaging in "delinquent conduct," including violating a Texas penal law punishable by imprisonment or confinement in jail, between his tenth and seventeenth birthdays is subject to the exclusive original jurisdiction of a juvenile court. *See id.* §§ 51.03(a)(1)–(2), 51.04(a); *Bell v. State*, 649 S.W.3d 867, 885 (Tex. App.—Houston [1st Dist.] 2022, pet. ref'd).

"But the right of a juvenile offender to remain outside the jurisdiction of the criminal district court is not absolute." *Bell*, 649 S.W.3d at 885 (citing *Ex parte Arango*, 518 S.W.3d 916, 920 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd)). If—as in the present case—certain conditions are met, a juvenile court may, after an evidentiary hearing, waive its exclusive original jurisdiction and transfer a juvenile defendant to an appropriate criminal district court for criminal proceedings. *See* Tex. Fam. Code Ann. § 54.02; *Bell*, 649 S.W.3d at 885–86.

It is well-settled that a juvenile court waives jurisdiction with respect to conduct, not with respect to a particular charge. *Livar v. State*, 929 S.W.2d 573, 574–75 (Tex. App.—Fort Worth 1996, pet. ref'd); *accord Eguade v. State*, No. 08-15-00268-CR, 2017 WL 3224863, at *3 (Tex. App.—El Paso July 31, 2017, pet. ref'd) (mem. op., not designated for publication); *Herndon v. State*, No. 05-11-00248-CR, 2012 WL 2362528, at *1 (Tex. App.—Dallas June 22, 2012, no pet.) (not designated for

publication); *see also Cornealius v. State*, 870 S.W.2d 169, 176 (Tex. App.—Houston [14th Dist.] 1994), *aff'd*, 900 S.W.2d 731 (Tex. Crim. App. 1995) ("When the juvenile court waives jurisdiction and transfers a juvenile to the criminal district courts, the juvenile court is transferring the underlying conduct of the offense or offenses." (citing *Dixon v. State*, 639 S.W.2d 9, 10 (Tex. App.—Dallas 1982, no pet.))). "[B]ecause a juvenile court waives jurisdiction with respect to conduct, a juvenile court's transfer order is not required to apprise the defendant of the specific crimes for which he might be charged." *Herndon*, 2012 WL 2362528, at *1 (citing *Tatum v. State*, 534 S.W.2d 678, 680 (Tex. Crim. App. 1976)). Thus, once a juvenile court waives jurisdiction, the district court to which the case is transferred has jurisdiction to adjudicate any offense arising from the same conduct for which the juvenile court waived jurisdiction. *Livar*, 929 S.W.2d at 575 (citing *Brosky v. State*, 915 S.W.2d 120, 126 (Tex. App.—Fort Worth 1996, pet. ref'd)); *see also Eguade*, 2017 WL 3224863, at *3.

Here, the conduct for which the juvenile court waived jurisdiction was Henry's shooting "at or in the direction of" H.C. during the April 2019 fight. Because Henry's aggravated-assault-with-a-deadly-weapon charge was based on this conduct, the district court had jurisdiction to adjudicate this offense. *See Livar*, 929 S.W.2d at 575. That Henry was ultimately charged in the district court with a different offense—aggravated assault with a deadly weapon—than the one that the juvenile court found probable cause to believe Henry had committed—deadly conduct—is of no moment

6

because both offenses arose from the same conduct. *See id.*; *cf. Safian v. State*, 543 S.W.3d 216, 222 (Tex. Crim. App. 2018) ("Deadly conduct, . . . as a matter of law, is a lesser-included offense of aggravated assault by the use of a deadly weapon."). Indeed, the State's petition for discretionary transfer anticipated that Henry may ultimately be charged with additional or different offenses in the district court by specifically requesting that the juvenile court transfer Henry's case to the district court "for criminal proceedings concerning" the alleged deadly conduct offense and "all criminal conduct occurring in said criminal episode(s)." Thus, Henry's argument that the district court lacked jurisdiction to adjudicate his aggravated-assault-with-a-deadly-weapon offense is meritless.

We overrule Henry's sole issue.

## IV. CONCLUSION

Having overruled Henry's sole issue, we affirm the trial court's judgment.

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: October 12, 2023